IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

OUATI K. ALI,

                                                                           ORDER

                Petitioner,

                                                                           11-cv-269-bbc

      v.

WILLIAM POLLARD,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Ouati Ali, a prisoner at the Green Bay Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the $5 filing fee. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.

      This is the second petition Ali has filed in this court in which he challenges on various grounds his 2007 conviction for second-degree sexual assault of a child. In <u>Ali v. Pollard</u>, Case No. 10-cv-706-bbc (W.D. Wis. Jan. 5, 2011), I noted that petitioner had not presented some of his claims in state court and I gave him the option of proceeding with his exhausted claims (and abandoning his unexhausted claims) or dismissing the petition without prejudice to his refiling it after he exhausted his state court remedies with respect to all of his claims.

1

Rose v. Lundy, 455 U.S. 509, 510, 520 (1982). When petitioner did not respond, I construed his silence to mean that he wished to dismiss the case without prejudice.

Only two months later, Ali has filed a new petition raising the same claims. He attaches an April 6, 2011 order from the Circuit Court for Dane County in which the court denied plaintiff's motion for post conviction relief under Wis. Stat. § 974.06. The order does not identify which claims petitioner raised, but petitioner says that he raised all of the claims that he had not previously exhausted. Even if this is true, it does not mean that petitioner may proceed directly to federal court after he receives an adverse decision from the state circuit court. To comply with the exhaustion requirement, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)." Baldwin v. Reese, 541 U.S. 27, 29 (2004). Thus, before petitioner may proceed under § 2254 with the claims he raised in his § 974.06 motion, he must file an appeal with the Wisconsin Court of Appeals and, if that appeal is not successful, he must file a petition for a writ of certiorari with the Wisconsin Supreme Court. Petitioner has not exhausted his claims until the state supreme court has denied his petition for review or denied his claim on the merits.

I will give petitioner the same choice that I gave him in case no. 10-cv-706-bbc. He may (1) abandon his unexhausted claims and proceed solely on the exhausted claim regarding sufficiency of the evidence; or (2) dismiss all of his claims without prejudice to his filing a new petition after he has finished exhausting his state remedies.

ORDER

IT IS ORDERED that petitioner Ouati Ali may have until May 9, 2011 to advise the court whether he wishes to pursue his unexhausted claims in state court or whether he prefers to amend his petition to delete the unexhausted claims and proceed solely on the exhausted claim. If petitioner chooses to pursue his unexhausted claims in state court, or if he does not report his choice by the deadline, his petition will be dismissed without prejudice for his failure to exhaust his state court remedies, pursuant to Rose v. Lundy. If petitioner chooses to proceed, then I will screen petitioner's sufficiency of the evidence claim on the merits.

Entered this 26th day of April, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge